UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIRIAN JETZABEL VILLATORO CLAROS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT M. COWAN, *et al.*, <br><br> Defendants. | Civil Action No. 21-609 (JEB) |

MEMORANDUM OPINION

Plaintiff Mirian Jetzabel Villatoro Claros, a lawful permanent resident who lives in Maryland, has been trying to obtain derivative asylee status for her 16-year-old daughter, Plaintiff Justine Andree Villatoro Claros, for over three years. Frustrated that U.S. Citizenship and Immigration Services has not acted, they brought this suit, asking the Court to order Defendants to adjudicate their Form I-730, Refugee/Asylee Relative Petition. Defendants — senior officials at USCIS — now move to transfer this case to the District of Maryland. As the relevant factors favor transfer, the Court will grant the Motion.

I.  **Legal Standard**

Even if a plaintiff has brought its case in a proper venue, a district court may, "[f]or the convenience of parties and witnesses, in the interests of justice . . . transfer [it] . . . to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). District courts have "discretion . . . to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).

1

This Court has previously explained the standard for a transfer of venue under § 1404(a):

> To warrant transfer under § 1404(a), the movant must first show that the plaintiff could originally have brought the case in the transferee district. Treppel v. Reason, 793 F. Supp. 2d 429, 435 (D.D.C. 2011). The movant must also show that "considerations of convenience and the interest of justice weigh in favor of transfer . . . ." Sierra Club v. Flowers, 276 F. Supp. 2d 62, 65 (D.D.C. 2003). This second inquiry "calls on the district court to weigh in the balance a number of case-specific factors," related to both the public and private interests at stake. Stewart Org., 487 U.S. at 29. The burden is on the moving party to establish that transfer is proper. Trout Unlimited v. U.S. Dep't of Agric., 944 F. Supp. 13, 16 (D.D.C. 1996).

Douglas v. Chariots for Hire, 918 F. Supp. 2d 24, 31 (D.D.C. 2013). Although Plaintiffs and Defendants disagree about whether venue is proper in this District, the Court need not wade into that controversy today. Instead, it will proceed with the § 1404(a) transfer framework outlined above, first examining whether this case could have been brought in the District of Maryland and next looking at the private- and public-interest factors relevant to transfer.

**III.  Analysis**

    A.  Propriety of New Venue

As Plaintiffs have filed suit against federal officers and employees acting in their official capacity, venue is governed by 28 U.S.C. § 1391(e). Under that section, venue is proper in any district in which "(A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . .[,] or (C) the plaintiff resides if no real property is involved in the action." As Plaintiffs currently reside in Maryland, see ECF No. 1 (Complaint) at 1, this preliminary hurdle is easily cleared.

    B.  Private- and Public-Interest Factors

The "private-interest factors include: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the

parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof." Douglas, 918 F. Supp. 2d at 31 (citation omitted). "The public-interest factors include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the transferor and transferee courts; and (3) the local interest in having local controversies decided at home." Id. (citation omitted).

1. *Private-Interest Factors*

To streamline its analysis, the Court collapses the six aforementioned private-interest factors into four.

   a. Plaintiff's Choice of Forum

While a plaintiff's choice of forum is usually given deference, this deference is "not always warranted where the plaintiff's choice of forum has no meaningful ties to the controversy, and where transfer is sought to a forum with which plaintiffs have substantial ties and where the subject matter of the lawsuit is connected." Jimenez v. R&D Masonry, Inc., 2015 WL 7428533, at *3 (D.D.C. Nov. 20, 2015) (citation, alterations, and internal quotation marks omitted). "Indeed, when the forum preferred by the plaintiff is not his home forum, and the defendant prefers the plaintiff's home forum, then there is little reason to defer to the plaintiff's preference." Id. (citation and internal quotation marks omitted).

The only meaningful tie Plaintiffs cite to the District of Columbia is that "USCIS still requests that all service of process be effected" here. See ECF No. 7 (Pl. Opp.) at 3. Yet they also acknowledge that USCIS headquarters moved to Maryland last year, id., and the Government further notes that the asylee petition is currently pending at the USCIS office in Baltimore. See ECF No. 5 (Def. Mot. to Transfer) at 1 n.1. Given that Maryland is Plaintiffs'

3

home, the site of Defendants' office, and the place where the petition is being handled, Plaintiffs' choice of forum receives no deference.

### b.  Defendants' Choice of Forum

While a defendant's choice of forum is relevant to deciding a § 1404(a) motion, it is "not ordinarily entitled to deference." Tower Labs, Ltd. v. Lush Cosmetics Ltd., 285 F. Supp. 3d 321, 326 (D.D.C. 2018). As Defendants have moved to transfer, "they must establish that the added convenience and justice of litigating in their chosen forum overcomes" any deference to the Plaintiffs' choice of venue. Id. Since, as just discussed, Plaintiffs receive no deference, and as the aforementioned other interests favor transfer, Defendants receive some deference for their choice of forum.

### c.  Whether Claim Arose Elsewhere

"When the material events that form the factual predicate of a plaintiff's claim did not occur in his chosen forum, transfer is favored." Id. "In cases brought under the APA, courts generally focus on where the decisionmaking process occurred to determine where the claims arose." Nat'l Ass'n of Home Builders v. EPA, 675 F. Supp. 2d 173, 179 (D.D.C. 2009). As previously discussed, the case is being handled in the Baltimore office of USCIS, which is itself headquartered in Maryland. As a result, the "decisionmaking process" that forms the "factual predicate" of Plaintiffs' claim is occurring in Maryland.

### d.  Convenience of Parties, Convenience of Witnesses, and Ease of Access to Sources of Proof

The final three factors, which relate to convenience, "do not weigh heavily in favor of either venue, given the close proximity of the District of Columbia and the . . . District of [Maryland]." Douglas, 918 F. Supp. 2d at 32–33. This is particularly so in an APA case in which no trial or hearing is likely to occur. To the extent Plaintiffs complain that their counsel is

not admitted in the District of Maryland, courts have held that "the location of counsel is not a consideration." Wolfram Alpha LLC v. Cuccinelli, 490 F. Supp. 3d 324, 333 (D.D.C. 2020) (citing cases). Even if bar membership were, this would still not overcome the other private-interest factors favoring transfer.

    *2. Public-Interest Factors*

The public-interest factors are not quite as dispositive as the private-interest ones, but they similarly point in the direction of transfer. To repeat, the three are the transferee court's familiarity with governing laws, the relative congestion of the courts, and the local interest in local controversies.

First, neither party mentions the District of Maryland's familiarity with governing law, and for good reason; as the case solely involves federal statutes, that court can more than capably handle this case. See Nat'l Wildlife Fed'n v. Harvey, 437 F. Supp. 2d 42, 49 (D.D.C. 2006) (where "both courts are competent to interpret the federal statutes involved[,] . . . there is no reason to transfer or not transfer based on this factor"). This factor, therefore, does not point either way.

Second, as Plaintiffs do not contend that the current caseloads of either district would have a bearing on the disposition of this action, the Court finds this factor would typically be neutral as well. See Nat'l Ass'n of Home Builders, 675 F. Supp. 2d at 178. Yet, as Defendants point out, by transferring many of these application-specific immigration cases (as opposed to ones attacking a policy) to the plaintiffs' home district, the district court here in Washington — which is home to USCIS's parent agency, the Department of Homeland Security, and the Department of Justice — will not become overwhelmed with these cases. See Def. Mot. at 6–7; Wolfram Alpha, 490 F. Supp. 3d at 335 (noting problem of deluge of such cases filed here).

Spreading them out across the country makes eminent sense and tips the scales on this factor toward transfer.

Third, "[c]ontroversies should be resolved in the locale where they arise," a "policy rationale [that] applies equally to the judicial review of an administrative decision which will be limited to the administrative record." Trout Unlimited, 944 F. Supp. 13 at 19. As the decision on Plaintiffs' challenge will occur in Maryland, which is their home state, the Court finds that the final factor favors transfer.

In sum, the public-interest factors similarly favor transfer.

### III.     Conclusion

For the foregoing reasons, the Court will issue a contemporaneous Order granting the Motion and transferring the case to the District of Maryland.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: May 6, 2021